UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAMID NAZEMI,

Plaintiff,

v.

MARCO RUBIO et al.,

Defendants.

CASE NO. 2:25-cv-02466-JNW

DISMISSAL ORDER

## 1.   INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss. Dkt. No. 7. Having reviewed the motion, Plaintiff's opposition, Dkt. No. 8, and all other supporting materials, the Court GRANTS the motion for the reasons stated below.

## 2.   BACKGROUND

This action arises from Defendants' refusal of Plaintiff Nazemi's wife's application for an IR-1 immigration visa. Dkt. No. 1. On August 28, 2022, Nazemi filed a Form I-130, Petition for Alien Relative, on behalf of his wife, Seyedeh Sanaz Shahidi, an Iranian resident. *Id.* ¶ 12. The petition was approved and on April 15, 2025, Shahidi attended a scheduled immigrant visa interview at the U.S. Embassy

DISMISSAL ORDER - 1

in Ankara, Turkey. Subsequently, Shahidi's visa application was refused for administrative processing, and she was told that she would "receive another adjudication once such processing is complete." *Id.* at 16.

Seven months after the refusal, Nazemi filed this action against the Defendants, arguing that his wife's immigration visa was unreasonably delayed and requesting that this Court compel Defendants to complete all administrative processing within sixty days under the Administrative Procedure Act, 5 U.S.C. § 706(1); and the Mandamus Act, 28 U.S.C. § 1361. Dkt. No. 1 at 2, 7. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7.

## 3. LEGAL STANDARD

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

DISMISSAL ORDER - 2

amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quotations and citations omitted).

## 4. DISCUSSION

Under the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). To determine whether agency delays are unreasonable under the APA, courts in the Ninth Circuit use the six-factor balancing test set forth in *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984). *See Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). Those six factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*TRAC*, 750 F.2d at 80. *See also Chang v. United States Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024).

Separately, district courts have original jurisdiction over any mandamus action intended to compel an officer or an employee of an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Mandamus is considered an "extraordinary

DISMISSAL ORDER - 3

remedy" that only applies to nondiscretionary duties. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Nazemi argues that the seven-month period between Shahidi's visa refusal and the commencement of this action is an unreasonable time for an agency to fail to issue immigration visas. Dkt. No. 1. This argument fails for at least two reasons.

First, Shahidi's visa application had already been adjudicated when it was refused on April 15, 2025, and the agency was under no mandatory, nondiscretionary duty to readjudicate. Courts in this district regularly hold the same. *See Beygi v. U.S. Dep't of State*, No. 24-cv-504-TSZ, 2024 WL 4871377, at *2–3 (W.D. Wash. Nov. 22, 2024); *Hosseininejad v. Blinken*, No. 24-cv-794-TSZ, 2024 WL 4858444, at *2 (W.D. Wash. Nov. 21, 2024); *Chang*, 2024 WL 3161895, at *2; *Bloomberg v. Rubio*, No. C25-1420JLR, 2025 WL 3513923, at *2 (W.D. Wash. Dec. 8, 2025). Accordingly, Nazemi cannot show a mandatory, nondiscretionary duty that Defendants failed to perform, and therefore the Court grants Defendants' motion to dismiss.

Second, even if Defendants had a duty to readjudicate the visa application, the seven-month delay is not unreasonable under 5 U.S.C. § 706(1). Even viewing the facts alleged in Nazemi's complaint in the light most favorable to him, Defendants' delay in readjudication is not so egregious as to warrant relief under the Mandamus Act. In reaching this conclusion, the Court has considered the six-factor test set forth in *TRAC*, and concludes, as a matter of law, that Defendants' actions were not unreasonably delayed.

DISMISSAL ORDER - 4

Under Federal Rule of Civil Procedure 15(a), district courts generally must "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). The Court concludes that amendment would be futile because the Government does not, as a matter of law, have a mandatory duty to readjudicate a refused visa application. Therefore, the Court denies Nazemi leave to amend and dismisses his complaint with prejudice.

## 5.   CONCLUSION

Accordingly, Defendants' motion to dismiss, Dkt. No. 7, is GRANTED. The complaint is DISMISSED with prejudice. Nazemi's motion for leave to file supplemental evidence, Dkt. No. 9, is DENIED as moot.

Dated this 18th day of June, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 5